Filed 6/10/15  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062842 |
| v. | (Super.Ct.No. FSB07242) |
| GARRY FOSTER WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On November 24, 2014, defendant and appellant Garry Foster Walker filed a petition for writ of habeas corpus in the superior court seeking, pursuant to Proposition

1

47, reduction of his felony conviction for possession of cocaine from a felony to a misdemeanor (Pen. Code, § 1170.18).[1]

After defendant filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying one potentially arguable issue: whether the court should have reduced defendant's conviction to a misdemeanor. We affirm.

## PROCEDURAL HISTORY[2]

On April 6, 1995, the People filed an information alleging defendant possessed a controlled substance, cocaine, in violation of Health and Safety Code section 11350, subdivision (a), and possessed a smoking device in violation of Health and Safety Code section 11364. The People further alleged defendant had three prior strike convictions from a 1990 case: second degree robbery (§ 211), forcible oral copulation (§ 288a, subd. (c)), and forcible rape (§ 261).

A jury convicted defendant as charged and found the three strike priors to be true. On August 14, 1995, the trial court sentenced defendant to 25 years to life in state prison

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We took judicial notice of the opinions in case Nos. E016895, defendant's appeal of his original conviction, and E060371, defendant's appeal from the denial of his petition for resentencing pursuant to section 1170.126.

2

under the Three Strikes law. Defendant appealed his conviction, which this court affirmed. (*People v. Walker* (Mar. 12, 1997, E016895) [nonpub. opn.].)

Defendant subsequently filed a petition for resentencing pursuant to section 1170.126. On November 25, 2013, the court denied the petition. Defendant appealed the denial of his petition which this court affirmed by opinion dated July 7, 2014. (*People v. Walker* (July 7, 2014, E060371) [nonpub. opn.].)

On December 19, 2014, the court held a hearing on the instant petition. The court tentatively indicated it believed defendant was eligible for resentencing, "But I think [there] is [a] problem with future dangerousness because of his robbery, forcible rape, and forcible oral copulation." Defense counsel stated she "believe[d] [defendant] is ineligible because of the priors under this code." The People agreed. The court denied defendant's petition. The minute order reflects that the "Court has read and considered [the] Petition for resentencing pursuant to [section] 1170.18. [¶] The Court finds that Petitioner does not satisfy the criteria in Penal Code [section] 1170.18 and is not eligible for resentencing."

DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (§§ 667, subd. (e)(2)(C)(iv)(I) & Welf. & Inst. Code, § 6600, subd. (b) [Defendant not entitled to resentencing pursuant to section 1170.18 where he has suffered a prior felony conviction for a sexually violent offense.].)

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

4